UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| DANA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-00446-MJR-SCW |
| ) | |
| CREDIT ACCEPTANCE CORPORATION ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DANA YOUNG (Plaintiff), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, CREDIT ACCEPTANCE CORPORATION, (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein, was a citizen and resident of the State of Illinois.

9. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein, was a corporation whose corporate headquarters are in Michigan.

11. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

12. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Illinois and in the County of Cumberland, and within this judicial district.

## FACTUAL ALLEGATIONS

13. Within four (4) years of Plaintiff filing this Complaint, Defendant communicated with Plaintiff regarding one of Defendant's accounts ("Account").

14. Within four (4) years of Plaintiff filing this Complaint, Defendant began to utilize Plaintiff's cellular telephone number, ending in 0721, to place virtually daily incessant calls to Plaintiff pertaining to an Account.

15. Within four (4) years of Plaintiff filing this Complaint, Defendant has left Plaintiff a massive number of prerecorded voicemail messages regarding the Account.

16. On March 10, 2014, Plaintiff mailed a cease and desist letter to Defendant at 25505 West Twelve Mile Road, Southfield, MI 48034, which revoked all prior business relationships as defined by the Telephone Consumer Protection Act. *See* letter attached as Exhibit A.

17. Despite this, Defendant continued to call Plaintiff.

18. Defendant calls Plaintiff using an automatic telephone dialing system.

19. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

20. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

21. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. Plaintiff revoked any consent that may have been given that would allow for the calling of Plaintiff's telephone number. *See* letter attached as Exhibit A.

23. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

24. Defendant calls Plaintiff from various telephone numbers including, but not limited to 313-262-0661, 586-461-1004, 517-338-1002, 810-277-1003, and 954-623-6500.

25. The telephone numbers of 313-262-0661, 586-461-1004, 517-338-1002, 810-277-1003, and 954-623-6500 are five of Defendant's telephone numbers.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

26. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is

    entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, DANA YOUNG, respectfully requests judgment be entered against Defendant, CREDIT ACCEPTANCE CORPORATION, for the following:

30. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

31. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

32. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

33. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    Agruss Law Firm, LLC
    22 W. Washington Street
    Suite 1500
    Chicago, IL 60602
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff

# **<u>EXHIBIT A</u>**



22 W. Washington Street
Suite 1500
Chicago, IL 60602

Local: 312-224-4695
Toll-free: 888-572-0176
Fax: 312-253-4451
www.agrusslawfirm.com
danielle@agrusslawfirm.com

March 10, 2014

Credit Acceptance Corporation
25505 West Twelve Mile Road
Southfield, MI 48034

Re:  Dana Young
     Cell phone: (217) 294-0721

To Whom It May Concern:

This letter revokes all prior business relationships as defined by the Telephone Consumer Protection Act ("TCPA") by and between any of the original parties involved in the underlying account at issue, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for calling the telephone number listed above is now expressly revoked. Therefore, any future phone calls to the telephone number above using an automated telephone dialing system and/or an artificial or prerecorded voice would result in violating the TCPA.

Sincerely,

*Danielle L. Berns*

Danielle L. Berns